UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY LEWIS ROSS,<br><br>    Petitioner,<br><br>    v.<br><br>GENA JONES, Warden,[1]<br><br>    Respondent. | Case No. 5:21-cv-01889-MEMF-PD<br><br>**ORDER ACCEPTING REPORT AND ADOPTING, IN PART, FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATE MAGISTRATE JUDGE** |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition (Dkt. No. 1, "Petition"), the records on file, and the Report and Recommendation of United States Magistrate Judge (Dkt. No. 25, "Report"). The Court accepts the Report in part and adopts it in part. The Court agrees with the Report that the Petition was not timely filed and must be dismissed for that reason. The Court departs from the Report in the following ways:[2]

---

[1] Gena Jones is the acting warden of California Health Care Facility, where Petitioner is housed, and is substituted in under Federal Rule of Civil Procedure 25(d) as the proper Respondent. *See also* R.2(a), Rules Governing § 2254 Cases in U.S. Dist. Cts.

[2] In addition, the Court notes that there appears to be a clerical error with respect to the number of days of statutory tolling to which Petitioner is entitled. The Report refers to this period as 76 days, *see, e.g.*, Report at 8, but it appears it should be 75 days. The period during which Petitioner's first state habeas was pending was 27 days (July 30, 2020 to August 25, 2020). The period during which Petitioner's second state habeas was pending was 48 days (March 10, 2021 to April 26, 2021). The sum is 75 days.

    The Court does not adopt the Report's finding that Petitioner's COVID-19 allegations are merely generalized allegations concerning COVID-19's impact and are therefore insufficient to justify equitable tolling. *See* Report at 12-13. The Court finds that Petitioner has alleged facts concerning COVID-19's impact that may constitute "extraordinary circumstances" which could justify equitable tolling. *See, e.g.,* Dkt. No. 8-8 at 3. Petitioner alleged that, due to COVID-19, the law library was inaccessible to him until July 2020, thereby causing a delay in his research. *Id*. Similarly, to the extent that the Report suggests that Petitioner had to show that it was nearly impossible to file his Petition due to COVID-19 restrictions and that he must show the absence of law library alternatives under the extraordinary circumstance posed by the COVID-19 pandemic, *See* Report at 14, the Court does not adopt this approach. *See Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) ("We do not require *actual* impossibility; rather, equitable tolling is appropriate where it would have technically been possible for a prisoner to file a petition, but a prisoner would have likely been unable to do so.") (internal citations omitted)).

    The Court nonetheless finds that Petitioner is not entitled to equitable tolling with regards to COVID-19 related-delays, because Petitioner does not make any showing of diligent pursual of his rights *prior to* the "extraordinary circumstance" of COVID-19 arose. *See* Report at 11-13; *see generally* Dkt. No. 1; *Smith v. Davis*, 953 F.3d 582, 598-599 (9th Cir. 2020) (equitable tolling requires a showing that a litigant has "diligently pursued his rights before, during, and after the existence of an extraordinary circumstance." (emphasis added)).

    To the extent the Report suggests that Petitioner did not raise an ineffective-assistance-of-counsel claim, the Court departs from this finding. *See* Report at 9. The Court finds that Petitioner did raise an ineffective-assistance-counsel claim in relation to his petition for resentencing under section 1170.95. *See* Dkt. No. 1 at 7-8. Petitioner alleged that his court-appointed counsel did not contact Petitioner, nor did counsel inform Petitioner about the appealability of the petition's denial. *Id*. It appears that in Petitioner's view, this ineffective assistance of counsel infected the habeas process and therefore *has* been raised in his habeas petition. Nevertheless, it appears that, despite his counsel's alleged failures, Petitioner was advised of the denial of his resentencing petition, and therefore can be charged with the knowledge of when the statute of limitations

began to run. This appears to distinguish the Petitioner's case of apparent client abandonment from that discussed in cases such as *Gibbs v. Legrand*, 767 F.3d 879 (9th Cir. 2014). Therefore, the Court finds that the ineffective assistance-of-counsel-claim is untimely and therefore barred by the statute of limitations. 28 U.S.C. § 2244(a)(1)(A); *Smith v. Williams*, 871 F.3d 684, 686 (9th Cir. 2017).

The Court also departs from the Report with respect to whether a Certificate of Appealability should be granted and will issue a separate order granting the Certificate.

Finally, the Report does not explicitly rule on the Petitioner's motion to dismiss. *See* Dkt. Nos. 23; 25. In light of the Court's findings and ruling on Respondent's motion, the court DENIES Petitioner's motion as MOOT. The Court notes that even if the Court were to reach Petitioner's motion to dismiss, Petitioner's motion would be DISMISSED WITH PREJUDICE.

The remainder of the Report is adopted in full.

Accordingly, the Petition is DISMISSED WITH PREJUDICE.

Dated: September 29, 2023

MAAME EWUSI-MENSAH FRIMPONG
United States District Judge